No. 2023-1317

# United States Court of Appeals
*for the*
# Federal Circuit

ROKU, INC.,
*Appellant*

*v.*

INTERNATIONAL TRADE COMMISSION,
*Appellee*

UNIVERSAL ELECTRONICS INC., GEMSTAR TECHNOLOGY (QINZHOU) CO. LTD., GEMSTAR TECHNOLOGY (YANGZHOU) CO. LTD., C.G. DEVELOPMENT LTD., UNIVERSAL ELECTRONICS BV, CG MÉXICO REMOTE CONTROLS, S. de R.L. de C.V., CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS OPERATING, LLC, SPECTRUM MANAGEMENT HOLDING COMPANY, LLC, ALTICE USA, INC., CABLEVISION SYSTEMS CORP., CEQUEL COMMUNICATIONS, LLC d/b/a SUDDENLINK COMMUNICATIONS, WIDEOPENWEST, INC., SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC.,
*Intervenors*

───────────────

*Appeal from the United States International Trade Commission in Investigation No. 337-TA-1263*

**INTERVENORS UNIVERSAL ELECTRONICS INC., GEMSTAR TECHNOLOGY (QINZHOU) CO. LTD., GEMSTAR TECHNOLOGY (YANGZHOU) CO. LTD., C.G. DEVELOPMENT LTD., UNIVERSAL ELECTRONICS BV, CG MÉXICO REMOTE CONTROLS, S. DE R.L. DE C.V.'S OPPOSITION TO MOTION TO DISMISS THE APPEAL IN PART AS MOOT AND TO VACATE WITH RESPECT TO ONE ASSERTED PATENT**

FORM 9. Certificate of Interest  Form 9 (p. 1)
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

**CERTIFICATE OF INTEREST**

**Case Number** 2023-1317

**Short Case Caption** Roku, Inc. v. ITC

**Filing Party/Entity** Universal Electronics Inc., Gemstar Technology (Qinzhou) Co. Ltd., Gemstar Technology (Yangzhou) Co. Ltd., C.G. Development Ltd., Universal Electronics BV, and CG México Remote Controls, S. de R.L. de C.V.

> **Instructions:** Complete each section of the form. In answering items 2 and 3, be specific as to which represented entities the answers apply; lack of specificity may result in non-compliance. **Please enter only one item per box; attach additional pages as needed and check the relevant box**. Counsel must immediately file an amended Certificate of Interest if information changes. Fed. Cir. R. 47.4(b).

I certify the following information and any attached sheets are accurate and complete to the best of my knowledge.

Date: 01/19/2023

Signature: /s/ Kirk T. Bradley

Name: Kirk T. Bradley

FORM 9. Certificate of Interest                                    Form 9 (p. 2)
                                                                    July 2020

| 1. Represented Entities. Fed. Cir. R. 47.4(a)(1). | 2. Real Party in Interest. Fed. Cir. R. 47.4(a)(2). | 3. Parent Corporations and Stockholders. Fed. Cir. R. 47.4(a)(3). |
|---|---|---|
| Provide the full names of all entities represented by undersigned counsel in this case. | Provide the full names of all real parties in interest for the entities. Do not list the real parties if they are the same as the entities.<br><br>☑ None/Not Applicable | Provide the full names of all parent corporations for the entities and all publicly held companies that own 10% or more stock in the entities.<br><br>☐ None/Not Applicable |
| Universal Electronics Inc. | | BlackRock, Inc., Eagle Asset Management, Inc., Carillon Tower Advisors, Inc. |
| Gemstar Technology (Qinzhou) Co. Ltd. | | C.G. Development Ltd., Enson Assets Limited, UEI Hong Kong Private Limited, Universal Electronics BV, Universal Electronics Inc. |
| Gemstar Technology (Yangzhou) Co. Ltd. | | C.G. Development Ltd., Enson Assets Limited, UEI Hong Kong Private Limited, Universal Electronics BV, Universal Electronics Inc. |
| C.G. Development Ltd. | | Enson Assets Limited, UEI Hong Kong Private Limited, Universal Electronics BV, Universal Electronics Inc. |
| Universal Electronics BV | | Universal Electronics Inc. |
| CG México Remote Controls, S. de R.L. de C.V. | | Universal Electronics Inc. |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

☐ Additional pages attached

FORM 9. Certificate of Interest                                              Form 9 (p. 3)
                                                                              July 2020

**4. Legal Representatives.** List all law firms, partners, and associates that (a) appeared for the entities in the originating court or agency or (b) are expected to appear in this court for the entities. Do not include those who have already entered an appearance in this court. Fed. Cir. R. 47.4(a)(4).

☐ None/Not Applicable    ☑ Additional pages attached

| Thomas W. Davison | Adam D. Swain | Ryan W. Koppelman |
| Katherine G. Rubschlager | Holly Hawkins Saporito | Michael C. Deane |
| Katie Donald | Nicholas T. Tsui | Alston & Bird LLP |

**5. Related Cases.** Provide the case titles and numbers of any case known to be pending in this court or any other court or agency that will directly affect or be directly affected by this court's decision in the pending appeal. Do not include the originating case number(s) for this case. Fed. Cir. R. 47.4(a)(5). See also Fed. Cir. R. 47.5(b).

☐ None/Not Applicable    ☐ Additional pages attached

| Roku, Inc. v. Universal Electronics, Inc., et al., U.S. Dist. Court, Central District of California, 8:21-cv-00658 | Universal Electronics, Inc., et al. v. Roku, Inc., IPR2022-00818, Patent Trial and Appeal Board | |
| | | |
| | | |

**6. Organizational Victims and Bankruptcy Cases.** Provide any information required under Fed. R. App. P. 26.1(b) (organizational victims in criminal cases) and 26.1(c) (bankruptcy case debtors and trustees). Fed. Cir. R. 47.4(a)(6).

☑ None/Not Applicable    ☐ Additional pages attached

| | | |
| | | |

4. Legal Representatives (Continued): M. Scott Stevens; Stephen R. Lareau; Kirk T. Bradley; Nicholas C. Marais, Monica Ruiz

## I. INTRODUCTION

Intervenors Universal Electronics Inc., Gemstar Technology (Qinzhou) Co. Ltd., Gemstar Technology (Yangzhou) Co. Ltd., C.G. Development Ltd., Universal Electronics BV, and CG México Remote Controls, S. de R.L. de C.V. ("UEI")[1] respectfully oppose Roku, Inc. ("Roku") and the United States International Trade Commission's ("the Commission") joint motion to dismiss the appeal in part as moot and to vacate with respect to U.S. Patent No. 7,388,511 (the '511 patent), which expired on June 21, 2023.[2]

This appeal arises from a Commission investigation where the Commission determined that claim 5 of Roku's '511 patent is invalid as indefinite. That indefiniteness determination involved a purely legal question, which this Court reviews de novo. *See, e.g.*, *Star Sci., Inc. v. R.J. Reynolds Tobacco Co.*, 655 F.3d 1364, 1373 (Fed. Cir. 2011). That same legal question is at issue in the parties' co-pending district court litigation in the Central District of California, where Roku has asserted claim 5 against UEI. Thus, the parties' dispute over claim 5 is not moot.

---

[1] The other Intervenors in this appeal have taken no position on the Motion. *See* Dkt. 37 at 1.

[2] As Roku and the Commission indicated in the Motion, UEI did not oppose tolling the deadlines for the parties' merits briefing pending resolution of this Motion. On June 16, 2023, this Court granted the unopposed relief, ordering that "[b]riefing is stayed pending the court's consideration of the motion." Dkt. 38 at 2.

The nature of the parties' dispute over claim 5—the *legal question* of indefiniteness—distinguishes this case from those cited in the Motion, each of which involved a factual issue and thus "d[id] not have enough 'collateral consequences'" on a pending district court case to warrant resolution by this Court. *INVT SPE LLC v. ITC*, 46 F.4th 1361, 1370 (Fed. Cir. 2022). Importantly, this Court has explained that although resolution of an ITC action does not have preclusive effect on a district court, district courts "are nonetheless bound by stare decisis to abide by any legal precedents established by [this] court." *Powertech Tech. Inc. v. Tessera, Inc.*, 660 F.3d 1301, 1308 (Fed. Cir. 2011); *see also id.* ("the denial of preclusive effect to ITC determinations does not allow district courts . . . to 'ignore holdings of this court that bear on cases before them'") (quoting *Texas Instruments Inc. v. Cypress Semiconductor Corp.*, 90 F.3d 1558, 1569 (Fed. Cir. 1996)). Here, the issue of indefiniteness of claim 5 involves a legal question, and thus the district court will be bound to abide by this Court's ruling. The issue is not moot, and the Commission's underlying ruling of indefiniteness should not be vacated. The Motion should be denied.

## II.  BACKGROUND

In the underlying investigation, the Commission ruled that the lone asserted claim of the '511 patent, claim 5, is invalid as indefinite. *See Certain Televisions, Remote Controls, And Components Thereof*, No. 337-TA-1263, Dkt. No. 258, at *7

(Nov. 3, 2022) (*Commission Decision*). In so ruling, the Commission recognized that whether a claim satisfies the "definiteness" requirement under 35 U.S.C. § 112 and *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2129 (2014), is a question of law. To be sure, the Commission made no findings of fact in holding claim 5 indefinite, instead relying only on the intrinsic record—"the text of claim 5, the specification, and the prosecution history of the [']511 patent." *Commission Decision*, at *17; *see Nevro Corp. v. Boston Sci. Corp.*, 955 F.3d 35, 42 (Fed. Cir. 2020) ("Because the district court relied only on the intrinsic record, we review the district court's indefiniteness determination *de novo*.").[3]

That same claim is at issue in the parties' pending dispute in the Central District of California, where Roku asserts claim 5 of the '511 patent against UEI. The district court stayed the case pending resolution of the Commission proceeding underlying this appeal, and did so precisely because the case "involves the same issues involved in the proceeding before the Commission." 28 U.S.C. § 1659. Accordingly, the district court litigation remains a live controversy, and unless this Court resolves the legal question of indefiniteness of claim 5, that same issue will need to be addressed by the district court despite that the Commission has already ruled on the issue after full consideration of the parties' arguments and evidence.

---

[3] Because the Commission invalidated claim 5 as indefinite, the Commission did not reach any factual questions such as infringement.

## III. ARGUMENT

### a. This Court Should Not Dismiss the Appeal as Moot Because an Actual, Live Controversy Remains Over the '511 Patent.

As Roku and the Commission recognize, this Court is not obligated to dismiss this appeal (as concerns claim 5 of the '511 patent) as moot and vacate the underlying Commission determination. *See* Motion at 1, 5 (arguing only about this Court's "practice"). This Court has refused to dismiss an appeal as moot where, as here, there remains a live controversy between the parties. *See Microsoft Corp. v. ITC*, 2014 U.S. App. LEXIS 215, at *2 (Fed. Cir. 2014) (per curiam). In *Microsoft*, this Court denied a motion to dismiss an appeal (from a Commission proceeding) as moot even though the patent-in-suit had expired. A live controversy remained because there was a pending district court action involving the same parties and the same patent. This Court explained that its ruling in the appeal will thus have "a concrete legal effect on the [parties'] dispute over the same issues in the pending [district court] litigation," warranting denial of the motion to dismiss the appeal. *Id*. at *3. This Court additionally concluded that, regardless, vacatur was not warranted. *Id*. at *6 ("vacatur of a previously made decision . . . is a matter of reasoned discretion").

The same is true in this case. The parties have a live controversy in the Central District of California involving the same patent claim and the same legal issue. *See id*. at *3–4 ("This court's ruling thus resolves a live controversy even apart from whether the Commission can any longer take action on the '133 patent or otherwise

4

has any continuing interest in this matter. This is anything but an uncertain, future, hypothetical, or conjectural controversy. It is an actual, present controversy over issues affecting concrete interests of two parties here."). Because an actual, live controversy persists, the appeal as to the '511 patent is not moot, and the Commission's final determination as to the '511 patent should not be vacated.

Moreover, at minimum the issue raised in the Motion should be resolved by a merits panel, not on a motion to dismiss. In each of the cases relied on in the Motion, this Court decided the issue *at the merits stage* after receiving the parties' briefing. And in *Microsoft*, where this Court addressed the issue via a party's motion to dismiss, this Court denied the Motion. *See id*. at *2, *6 ("First, we conclude that the case is not moot: there remains a live controversy. . . . Second, even if the present case were moot as to the '133 patent, vacatur would not be warranted.").

### b. The Only Question on Appeal for the '511 Patent Is a Legal Question, Which This Court Reviews De Novo.

Unlike the cases cited by Roku and the Commission, which involved factual disputes, the parties' sole dispute for the '511 patent—whether claim 5 is indefinite—entails a *pure question of law* that this Court reviews de novo. *See, e.g.*, *Star Sci.*, 655 F.3d at 1373 ("Indefiniteness is a purely legal question that [this Court] reviews without deference."); *Spansion, Inc. v. ITC*, 629 F.3d 1331, 1344 (Fed. Cir. 2010) (explaining that this Court "reviews the Commission's determination on indefiniteness de novo").

5

The lack of any questions of fact for this Court to review related to the '511 patent is significant, and distinguishes this case from others where this Court considered vacatur as to factual issues involving an expired patent. For example, in both *INVT*, 46 F.4th at 1361, and *Tessera, Inc. v. ITC*, 646 F.3d 1357, 1371 (Fed. Cir. 2011), this Court was asked to review the Commission's finding of noninfringement—a question of fact reviewed under the substantial evidence standard. Similarly, in *Texas Instruments Inc. v. ITC*, 851 F.2d 342, 344 (Fed. Cir. 1988), the question on appeal was the unenforceability of a patent due to inequitable conduct, which likewise involved questions of fact. While this Court could have addressed the merits in those appeals, prudence counseled against it. For example, as this Court noted in *INVT*, because the ITC's determinations (which were factual determinations) do not have preclusive effect on district court litigation, "a decision by this court does not have enough 'collateral consequences' to avert mootness, even though a pending district court case involves the same issues." *INVT*, 46 F.4th at 1370.

The same notion does not hold for an issue of law. Where the only appellate issue for an expired patent is purely legal, as here, the concerns about insufficient collateral consequences do not exist. In fact, the collateral consequences here are paramount. As this Court has held, "the denial of preclusive effect to ITC determinations *does not allow* district courts . . . to 'ignore holdings of this court that

6

bear on cases before them.'" *Powertech Techs*, 660 F.3d at 1308 (quoting *Tex. Instruments*, 90 F.3d at 1569) (emphasis added). As such, this Court may and should reach the legal question of the indefiniteness of claim 5 of the '511 patent, and the California district court will not be allowed to ignore this Court's holding. *Id*.

This appeal resembles the situation in *Microsoft*, where this Court had denied a motion to dismiss (as described above). The appeal proceed to the merits, where the question resolved by this Court "rest[ed] ultimately on [the Commission's] view of what the claims require," which involved "matters of claim construction, which [this Court] review[s] without deference." *Microsoft Corp. v. ITC*, 731 F.3d 1354, 1366 (Fed. Cir. 2013). This Court's legal pronouncements (as to claim construction) were thus binding on the district court in the co-pending proceeding. The same is true here. This Court should deny the Motion, allowing the parties' appellate dispute over the indefiniteness of claim 5 of the '511 patent to proceed to the merits stage. This Court's decision on the merits will then be binding on the district court in the parties' co-pending lawsuit.

### c. Judicial Efficiency Favors Appellate Review Now.

Because the same issue involving the same claim of the same patent in a dispute between the same parties is currently pending in the Central District of California, and because that issue is a pure question of law, judicial efficiency supports resolving the issue now. A dismissal as moot, particularly where the

question plainly is *not* moot, would waste judicial resources. The parties have already presented the issue to the Commission, and the Commission made its determination of law upon thorough consideration of the parties' arguments and evidence. There is no reasoned basis for having the parties repeat their same positions on the same issue to a new tribunal, only for this Court ultimately to have the same say it could, and should, render now.

## IV.    CONCLUSION

For the foregoing reasons, UEI respectfully requests that this Court deny Roku and the Commission's Motion. The Commission's final determination as to the '511 patent is not moot and should not be vacated.

Respectfully submitted,

Dated: June 23, 2023              By:   */s/ Kirk T. Bradley*
                                  Kirk T. Bradley
                                  M. Scott Stevens
                                  Stephen R. Lareau
                                  Nicholas C. Marais
                                  ALSTON & BIRD LLP
                                  1120 South Tryon Street
                                  Suite 300
                                  Charlotte, NC 28203-6818
                                  704-444-1000

                                  Thomas W. Davison
                                  Adam D. Swain
                                  ALSTON & BIRD LLP
                                  The Atlantic Building
                                  950 F Street, NW
                                  Washington, DC 2004-1404

        Ryan W. Koppelman
        ALSTON & BIRD LLP
        333 South Hope Street
        16th Floor
        Los Angeles, CA 90071

        *Counsel for Universal Electronics Inc., Gemstar Technology (Qinzhou) Co. Ltd., Gemstar Technology (Yangzhou) Co. Ltd., C.G. Development Ltd., Universal Electronics BV, CG México Remote Controls, S. de R.L. de C.V.*

FORM 19. Certificate of Compliance with Type-Volume Limitations

Form 19
July 2020

# UNITED STATES COURT OF APPEALS
# FOR THE FEDERAL CIRCUIT

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS

**Case Number:** 2023-1317

**Short Case Caption:** Roku, Inc. v. ITC

**Instructions:** When computing a word, line, or page count, you may exclude any items listed as exempted under Fed. R. App. P. 5(c), Fed. R. App. P. 21(d), Fed. R. App. P. 27(d)(2), Fed. R. App. P. 32(f), or Fed. Cir. R. 32(b)(2).

The foregoing filing complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Federal Circuit Rules because it meets one of the following:

☑ the filing has been prepared using a proportionally-spaced typeface and includes __1893__ words.

☐ the filing has been prepared using a monospaced typeface and includes _____ lines of text.

☐ the filing contains _____ pages / _____ words / _____ lines of text, which does not exceed the maximum authorized by this court's order (ECF No. _____).

Date: 06/23/2023

Signature: /s/ Kirk T. Bradley

Name: Kirk T. Bradley